## Case No. 13,393

### In re STEVENS.

[1 Sawy. 397; [1] 5 N. B. R. 112; 1 Pac. Law Rep. 45.]

District Court, D. California. Dec. 27, 1870.

SURVIVING PARTNER ADJUDGED BANKRUPT—JOINT ASSETS TO BE TAKEN POSSESSION OF.

1. A surviving partner will be adjudged bankrupt on an act of bankruptcy committed by him in the course of the administration of the assets of the dissolved partnership. notwithstanding that the separate estate of the deceased partner is sufficient to pay all his debts, joint and separate.

[Cited in Re Redmond, Case No. 11,632; McKenney v. Baker, Id. 8,853; Adams v. Terrell, 4 Fed. 802; Re Sauls, 5 Fed. 717.]

2. The messenger will in such case take possession of the joint assets in the hands of the bankrupt surviving partner, and also of his separate property.

[Cited in Re Webb, Case No. 17,317.]

In the matter of Russell Stevens, a bankrupt.

H. L. Joachimsen and R. W. Hent. for petitioning creditor.

M. A. Wheaton and Mr. Southard, for bankrupts.

HOFFMAN, District Judge. The petition in this case is filed by a creditor of the late firm of Stevens & ———, charging an act of bankruptcy committed by Stevens as surviving partner of the firm, and praying that he be adjudged bankrupt as an individual, and as such surviving partner, and that a warrant issue against his separate property, and the joint assets in his hands. as such surviving partner.

To this petition objections in the nature of a demurrer have been interposed. It is urged that the court has no authority to administer upon the joint assets, unless the

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

firm be declared bankrupt, and that this cannot be done because it has been dissolved by the death of one of the partners, and because it is admitted that the estate of the deceased partner is amply sufficient to satisfy all of his debts, both individual and joint.

It is also urged that a bankrupt cannot be discharged from partnership debts, unless the other partners are brought in and the firm adjudged bankrupt, and that inasmuch as the alleged act of bankruptcy was committed in respect of a partnership debt, and the petitioning creditor is a creditor of the firm, the surviving partner cannot be adjudged a bankrupt in his individual capacity.

It has been held in several cases by the learned judge of the Southern district of New York, that when there are firm debts and firm assets the firm must be declared bankrupt by either voluntary or involuntary proceedings, before any member of it can be discharged from his liabilities; but that this applies only to actually existing partnerships or to cases where there are firm assets. and not to co-partnerships terminated theretofore by bankruptcy, insolvency, assignment or otherwise. In re Winkens [Case No. 17,875]; In re Frear [Id. 5,074]; In re Little [Id. 8,390]; In re Shepard [Id. 12,754].

I have not been able to understand the precise grounds on which these decisions are based. Undoubtedly, where the firm of which the petitioner is a member is bankrupt. there should be an adjudication in bankruptcy against the partners composing it, and an assignee appointed in that proceeding before the partnership assets can be reached. But cases often occur where a partner may be bankrupt while the remaining parties, as individuals, and even the firm itself, are entirely solvent. In such case no adjudication against the firm could be made. But the bankrupt partner would, nevertheless, have an unquestionable right to be discharged from all his debts provable under the act [of 1867; 14 Stat. 517]. See opinion of Mr. Register Fitch, in Re Frear [Case No. 5,074].

But if on his petition setting forth firm debts and firm assets. no adjudication can be made until the remaining partners are brought in, he will be deprived of the benefit of the act. For the partners being solvent no adjudication can be made against them or the firm.

The bankrupt act clearly contemplates that one partner may be discharged from his joint, as several debts, without impairing the liability of his co-partners. Section 33 provides that no discharge granted under this act shall release. discharge or affect any persons liable for the same debt, for or with the bankrupt, either as partner, "joint contractor, endorser, surety or otherwise," and such would no doubt be the law independently of this provision. 1 Gray, 623; 5 Cush. 613.

The case, therefore, provided for by the statute, is evidently one where one partner becomes bankrupt while the others remain solvent, and it is their liability which it is intended to preserve. In the case at bar no proceedings can be taken under the thirty-sixth section and general order No. 18. The partnership has ceased to exist, having been dissolved by the death of one of its members.

It is not insolvent, for it is admitted that the deceased partner's estate is sufficient to satisfy all his debts, joint and separate. Nor, if it were otherwise, are there any means of bringing in his executors, or of taking possession of his separate estate, which is in the course of administration in the probate court.

But all the joint assets are in the hands of the surviving partner, who holds the same for all purposes of administration until the debts are paid. The debts due the partnership must be collected in his name, and he alone can be sued by the firm creditors.

If, then, while clothed with these rights and charged with these duties, he commits an act of bankruptcy, I see no reason why the creditors cannot invoke the aid of a court of bankruptcy, to take out of his hands the joint assets, as well as his separate estate, and distribute them among the creditors. If, in respect to his separate estate, he had made a fraudulent assignment, given a preference, or suffered his commercial paper to be dishonored, there can be no doubt that he could be adjudged a bankrupt as an individual. It would be a strange anomaly if on such an adjudication, where the debts owed by him as a partner are his own debts, as much as those contracted by him separately, and where the firm assets in his possession are his own property, to the extent of his interest in the firm, that the court should have no power to take possession of the joint assets, but must leave them in his hands, to be disposed of in fraud and absolute defiance of the provisions of the bankrupt act.

Under the Massachusetts insolvent law (Gen. St. c. 118), on which it is based, no doubt seems to have been entertained as to the right of a surviving partner to institute proceedings in bankruptcy, which will include the estate of the firm. President, etc., of Adams Bank v. Rice, 2 Allen, 480.

In Durgin v. Coolidge, 3 Allen, 554, the court says: "The surviving partner is entitled to have possession of all the partnership property. During the life time of the partners, either of them might make application to the court of insolvency upon which legal proceedings might be instituted and pursued against the estate of the partners. It is therefore quite clear that upon the death of one of the partners the survivor may rightfully apply to the court of insolvency, by petition, and that thereupon the proceedings may be had for the sequestration of the partnership property and the payment of the debts due to the partnership creditors."

But the warrant will not authorize the seizure of the separate estate of the deceased partner. If this proceeding can be taken by the surviving partner, it necessarily follows that when he has committed an act of bankruptcy, the same proceedings can be taken against him by either a joint or separate creditor. The apprehension expressed by counsel, that the discharge of the surviving partner might operate to release the estate of the deceased partner from liability seems entirely groundless.

Such a result would be in direct contravention of the provisions of the thirty-third section of the act. Nor could the terms of the discharge bear any such interpretation. For the decree would merely declare that Russell Stevens was discharged from all his debts provable under the act. Some question was made at the hearings as to whether the act charged in the petition was an act of bankruptcy under the law.

It appears that the firm had been engaged in the business of manufacturing lumber. The surviving partner gave to a creditor of the firm a draft or bill of exchange on its agents, which on presentment, was dishonored and remained unpaid for more than fourteen days. The draft was undoubtedly "commercial paper" within the meaning of the law. It was paper governed by the rules which are founded on the custom of merchants. In re Chandler [Case No. 2,591].

Nor do I think that the circumstance that the manufacturing firm had been dissolved by the death of the partner, and that the survivor was engaged in settling its affairs and closing up the business, divested the latter of his character of manufacturer, especially when the debt which formed the consideration of the draft was a debt contracted by the firm in the course of its manufacturing business.

It was stipulated on the hearing that if the court should be of opinion that the objections raised by the demurrer were untenable, an adjudication should be entered without a reference to the register to ascertain the facts. The adjudication will therefore be made, and the warrant will direct the messenger to seize the separate estate as well as the estate of the firm in the hands of the bankrupt.

STEVENS, In re. See Case No. 6,346.