MILTON M. WILLIAMS, Assignee, *vs.* J. C. FROST, Sheriff.

## October 8, 1880.

**Assignment of Partnership Property for Benefit of Creditors, made by one Partner only.**—An assignment for the benefit of creditors, executed by one partner for his firm in the absence of his copartner in Holland, *held*, upon a consideration of the facts appearing, to have been expressly authorized and fully assented to by the absent partner. The assignment, so far as here important, is as follows:

"This agreement, made this 27th day of January, 1879, by and between George H. Fairbanks, as one of the copartnership firm of Fairbanks & Vandervelde, composed of the said George H. Fairbanks and Neco J. Vandervelde, and doing business, under said firm name of Fairbanks & Vandervelde, as merchants, at Anoka; * * and whereas the said George H. Fairbanks and Neco J. Vandervelde * * are insolvent; and whereas the said * * Vandervelde is now * * absent from the United States: * * Now, therefore, this deed witnesseth that the said George H. Fairbanks, as one of said copartners, in consideration of the premises, and of the sum of one dollar to him in hand paid, * * does hereby grant, bargain, sell and convey, assign, transfer, set over unto said party of the second part, all the property—real, personal, and mixed—of the said copartnership. * * In witness whereof, the parties of the first and second part have hereunto set their hands and affixed their seals, the day and year first above written.

"GEORGE H. FAIRBANKS.     [Seal.]
"JOHN J. PENNER."       [Seal.]

Penner was the original assignee and party of the second party. *Held*, that as respects the manner of its execution, the assignment is, in sub-

stance and effect, the same as if, instead of signing it by his own name alone, Fairbanks had signed it in this way, "Fairbanks & Vandervelde, by George H. Fairbanks," and that it is the assignment of the firm.

Same—Subscription and Acknowledgment.—Gen. St. 1878, c. 41, § 23, requires such assignments to be in writing, subscribed by the debtor or debtors, and duly acknowledged before an officer, etc. *Held,* that the subscription above mentioned, and the acknowledgment by Fairbanks alone, are a sufficient compliance with the statute.

Plaintiff as assignee of the firm of Fairbanks & Vandervelde, (and duly appointed successor of John J. Penner, the original assignee,) brought this action in the district court for Anoka county to recover the value of certain personal property taken and sold by the defendant, as sheriff of that county, by virtue of an execution against the firm. At the trial, before *Young,* J., the plaintiff had a verdict; a new trial was refused, and the defendant appealed.

*Cross & Hicks,* for appellant, cited Story on Partnership, § 101; *Dickinson* v. *Legare,* 1 Desaus. (So. Car.) 536; *Kirby* v. *Ingersoll,* 1 Doug. (Mich.) 477; *Diming* v. *Colt,* 3 Sandf. 284; *Fisher* v. *Murray,* 1 E. D. Smith, 341; *Welles* v. *March,* 30 N. Y. 344; *Wetter* v. *Schlieper,* 4 E. D. Smith, 707; *Kelly* v. *Baker,* 2 Hilton, 531; *Brooks* v. *Sullivan,* 32 Wis. 444; *Dana* v. *Lull,* 17 Vt. 390; *Stein* v. *La Dow,* 13 Minn. 412; *Hardman* v. *Bowen,* 39 N. Y. 196; *Holland* v. *Drake,* 29 Ohio St. 444; *Cook* v. *Kelly,* 14 Abb. Pr. 466; *Fairchild* v. *Gwynne,* 16 Abb. Pr. 23; *De Camp* v. *Marshall,* 2 Abb. Pr. (N. S.) 373; *Britton* v. *Lorenz,* 45 N. Y. 51; *Julian* v. *Rathbone,* 39 N. Y. 369; *Kercheis* v. *Schloss,* 49 How. Pr. 284.

*Chas. D. Kerr,* for respondent.

BERRY, J. The question in this case is whether a certain assignment for the benefit of creditors, made in January, 1879, is valid against an attaching creditor. The important facts are these: George H. Fairbanks and Neco J. Vandervelde were partners in trade, doing business at Anoka, in this state, under the name of Fairbanks & Vandervelde. The firm was in debt and insolvent. Between January 1 and 5, 1879, Vandervelde went to Holland, having been called there

by the illness of his mother. He remained until after her death, returning to this country in April following. Before he went to Holland he knew, as he expresses it, that "the condition of our firm financially was pretty ragged; that there were bills to be paid soon, and no funds to pay them with," some of the creditors having already pressed for payment. "I left," he says, "Fairbanks in charge of the business. I left in a hurry, and told him to do the best way he knew how, and whatever he should do I would be satisfied with. I left everything about the business and management of same to Fairbanks. * * * I told him to do what was best. I left it for him to do what in his judgment was best, in view of the financial condition of the firm." The testimony of Fairbanks is to the effect that when Vandervelde left there were large bills coming due from the firm—some already due when he left—no cash with which to pay them—business light; that on January 27th, when the assignment was made, the firm was in bad shape, and creditors were pressing for the payment of their bills. Fairbanks also testified that, when Vandervelde left, he told him to do the best he could and he would be satisfied. This testimony does not appear to have been contradicted in any way. We have no doubt that it shows that Vandervelde expressly authorized Fairbanks to do anything that he could lawfully do in reference to the business and assets and indebtedness of the firm. One thing which he could lawfully do was to make an assignment of the assets of the firm for the benefit of creditors, with the assent of his copartner. Burrill on Assignments, (3d Ed.) 108, 330; *Stein* v. *La Dow*, 13 Minn. 412. In this case full authority to make such assignment, and full consent to the same, were included in the general authority to Fairbanks to do anything which he could do, as before stated. We have no doubt, then, that Fairbanks was authorized to make an assignment of the firm property.

The next inquiry is, was the assignment in proper form to

bind the firm? As respects this inquiry, the important parts of the assignment are these, viz.:

"This agreement, made this 27th day of January, A. D. 1879, by and between George H. Fairbanks, as one of the copartnership firm of Fairbanks & Vandervelde, composed of the said George H. Fairbanks and Neco J. Vandervelde, and doing business under said firm name of Fairbanks & Vandervelde, as merchants, at Anoka; * * * and whereas the said George H. Fairbanks and Neco J. Vandervelde * * * are insolvent; * * * and whereas the said * * * Vandervelde is now * * * absent from the United States: * * * Now, therefore, this deed witnesseth that the said George H. Fairbanks, as one of said copartners, in consideration of the premises, and of the sum of one dollar to him in hand paid, * * * does hereby grant, bargain, sell and convey, assign, transfer, set over unto said party of the second part, all the property, real, personal and mixed, of the said copartnership. * * * In witness whereof the parties of the first and second part have hereunto set their hands and affixed their seals, the day and year first above written.

"GEORGE H. FAIRBANKS.     [Seal.]
"JOHN J. PENNER."           [Seal.]

Penner was the original assignee and party of the second part. In our opinion, as respects the manner of its execution, this assignment is in substance and effect the same as if, instead of signing it by his own name alone, Fairbanks had signed in this way: "Fairbanks & Vandervelde, by George H. Fairbanks." His intention to act for the firm in making the assignment, and the fact that he did so act, unmistakably appear on the face of the assignment itself, and emphatically so from the use of the expressions, "George H. Fairbanks, as one of the copartnership firm of Fairbanks & Vandervelde," and "as one of said copartners." The seal, if one be necessary, is good as the seal of the firm, in ac-

cordance with a familiar rule. The assignment is, therefore, that of the firm.

It is urged, however, that it fails to comply with that provision of the act of March 4, 1876, (Gen. St. 1878, *c*. 41, § 23,) which requires assignments by debtors for the benefit of creditors to "be in writing, subscribed by such debtor or debtors, and duly acknowledged before an officer," etc. We think the subscription and acknowledgment of this assignment sufficient. The subscription is that of the firm, by one of its members. It is in effect the usual way in which a firm subscribes a written instrument. The acknowledgment is properly that of the subscribing parties, for an acknowledgment must be a personal thing.

The remaining point as to the admissibility in evidence of the assignment, under the allegations of the complaint, is disposed of by what we have already said as to the point that the assignment is that of the firm.

Order affirmed.