PETER HANSON *vs.* OSCAR M. METCALF, Garnishee.

April 3, 1891.

**Assignment for Creditors by Surviving Partner — Acknowledgment.**
By the certificate of acknowledgment of a deed of assignment executed by "D. F." and "D. F. as surviving partner," it appeared that "D. F." duly acknowledged the same. *Held* sufficient proof of its execution for all the uses and purposes expressed in the deed.

**Same — Partnership Real Estate in Name of Deceased Partner.—**A surviving partner may make an assignment of partnership property to pay the firm debts, and the partnership real estate is liable to be applied to the payment of the same; and an assignment by the surviving partner will pass the equitable title thereof, though standing in the name of the deceased partner, and the assignee or purchaser may compel a conveyance of the legal title from the holder thereof.

**Same—Construction of Assignment—Insolvency.—**Where the language of an assignment embracing partnership and individual assets follows generally that of the statute (Gen. St. *c.* 41, § 28, subd. 3) in respect to the distribution thereof, it will be construed in connection with the general rules of law applicable to the marshalling of such assets.

**Same — Discharge of Survivor — Liability of Representatives of Deceased Partner.—**Under the existing state insolvency law, an insolvent surviving partner may make an assignment embracing both partnership and his individual property, and the release of his primary liability for the partnership debts will not operate to discharge the representatives of a deceased partner from their collateral liability for any deficiency after the application of the firm assets.

Appeal by Oscar M. Metcalf, (substituted for Hamlet Stevens,) garnishee, from a judgment of $4,657.36, entered in the district court for Meeker county, pursuant to order of *Powers,* J.

*M. B. Koon* and *E. A. Campbell,* for appellant.

*U. L. Lamprey,* for respondent.

VANDERBURGH, J. The plaintiff is a creditor of the late firm of M. J. Flynn & Bro., a partnership composed of M. J. Flynn, who died January 3, 1889, and the defendant Daniel Flynn, and duly recovered a judgment in his favor for the amount of his claim on the 18th day of December, 1889, against the defendant Daniel Flynn, as sur-

viving partner. In May, 1889, Daniel Flynn, in his capacity of surviving partner, and also as an individual debtor, claiming to be insolvent, voluntarily made an assignment in pursuance of the insolvent law, partnership property in his hands having been previously attached in a suit against him as surviving partner. The assignee, who is the garnishee in this proceeding, qualified and took possession of the assigned property, including the partnership and individual assets of the assignor, and interposes the assignment as a defence to the plaintiff's application for judgment against him as garnishee. The question involved here is the alleged invalidity of the assignment.

The assignment, on its face, purports to be made in behalf of the partnership,—that is to say, by "Daniel Flynn, as surviving partner of M. J. Flynn & Bro.," and by "Daniel Flynn," party of the first part, and Hamlet Stevens, the garnishee herein, as party of the second part; and transfers all "the lands, tenements, goods, chattels, choses in action, claims, demands, property, and effects of every description belonging to the party of the first part, whether the same be and appear in the name of M. J. Flynn, or M. J. Flynn & Bro., or Daniel Flynn, or otherwise, for a full and more definite description of which reference is hereby made to the inventory or inventories thereof to be made and filed under this assignment as provided by law, except such property as is by law exempt from execution, * * * in trust for the uses and purposes following, * * * after providing for the expenses of the execution of the trust:" "(3) To pay and discharge in full, if the residue of said proceeds be sufficient for that purpose, all the debts and liabilities now due or to become due from said party of the first part to all his creditors, who shall file releases of their claims and debts against the said party of the first part, as by law provided, together with all interest due and to become due thereon. And if the residue of said proceeds shall not be sufficient to pay said debts and liabilities and interest in full, then to apply the same, so far as they will extend, to the payment of the said debts and liabilities and interest proportionally to their respective amounts, and in accordance with the statute in such case made and provided. And if, after

payment of all costs, charges, and expenses attending the execution of said trust, and the payment and discharge in full of all the said lawful debts owing by the said party of the first part, there shall be any surplus of the said proceeds remaining in the hands of the party of the second part, then (4) to repay such surplus to the party of the first part, his executors, administrators, or assigns." By the party of the first part is meant Daniel Flynn and Daniel Flynn as surviving partner, and he brings into the assignment, for disposition in the insolvency proceedings, his individual and partnership assets for the purpose of winding up the partnership affairs, and settling its debts and liabilities as well as his own, and procuring a discharge of his partnership and individual liabilities in so far as it may be done in the proceedings.

1. The first objection to the validity of the assignment is that it was not properly acknowledged. The insolvency act (Laws 1889, c. 30, § 1) provides that the "assignment shall be made, acknowledged, and filed in accordance with and be governed by the laws of this state relating to assignments." The assignment in this instance is executed by "Daniel Flynn" and by "Daniel Flynn, surviving partner of M. J. Flynn & Bro." The certificate of acknowledgment recites that "Daniel Flynn," without further recital or description, personally appeared before the notary, and acknowledged the same "to be his free act and deed." The objection is that it is defective in not showing or certifying that it was acknowledged by him "as surviving partner" also. But the instrument was executed by but one and the same person. It shows on its face what was intended to be conveyed thereby, and the purposes thereof. The acknowledgment is the proof of its execution; and where the certificate identifies the party who alone executed the deed, and affirms that he personally acknowledged its execution, it must be interpreted to be for the uses and purposes disclosed by the instrument itself; and the omission of matter of description is not fatal. 1 Devl. Deeds, § 507; *Dail* v. *Moore,* 51 Mo. 589; *Williams* v. *Frost,* 27 Minn. 255, (6 N. W. Rep. 793.)

2. Another objection to the validity of the assignment is that it does not transfer all the partnership property. A large amount of

real estate stands in the name of the deceased partner, which, in equity, belonged to the partnership and is partnership assets; and the assignment is assailed on the ground that the survivor's deed of assignment did not and could not include and transfer this property. But the deed expressly assumes to convey, the same, and in case of insolvency it is clearly liable to be applied to the payment of the partnership debts, and the equitable title thereto must be deemed to be in the surviving partner for such purpose, and passes to his assignee in insolvency. It is now well settled that a surviving partner may make an assignment of the partnership estate, and this will include the partnership real estate, which so far stands on the same footing as personal property; and the assignee or purchaser can compel a conveyance of the legal title from the holder thereof. *Andrews* v. *Brown*, 21 Ala. 437; *Shanks* v. *Klein*, 104 U. S. 18, 24; 1 Bates, Partn. 294.

3. On the dissolution of a partnership by death, the surviving partner settles the affairs of the concern. The partnership is deemed to continue for such purpose. He alone is entitled to the possession and disposition of the assets, to enable him to discharge the debts and settle the partnership affairs. The joint creditors have the primary claim upon the joint fund in the distribution of the assets of insolvent partners, and, in case of any surplus after the payment of the partnership debts, the representatives of the deceased partner are entitled to his share thereof. In the administration of the estate the surviving partner is, therefore, to be treated as a trustee for the creditors and the heirs or representatives of the deceased partner; but in all other respects he is treated as having succeeded to all the rights, interests, and property of the partnership. He alone may sue and be sued. He has the possession, control, and sole disposing power of the partnership assets. 3 Kent, Comm. §§ 57, 64; *Shanks* v. *Klein, supra*. In the settlement of the estate the creditors have a right to insist upon the equitable rule and order of distribution above indicated; and hence the respondent claims, as a further ground of objection to this assignment, that by the terms of the trust this rule is violated, and debts due the separate creditors of the surviving partner are put on the same footing with debts due the partnership cred-

itors, without preference to the latter. If the assignment had expressly provided that one class of creditors should be preferred to another, or that partnership property shall be first applied to the satisfaction of the individual debts of one partner in the order of distribution, a different and more serious question would have been presented; but the assignment simply follows the general language of the statute on the subject. Gen. St. *c.* 41, § 28, subsec. 3. This section is to be construed in connection with the general rules of law applicable to the distribution of partnership assets, and this is what is meant by an equal distribution of the assigned property. It would have been appropriate and more accurate to have indicated the proper order of distribution in the assignment; but the assignor evidently intended to follow the statute, to which he refers, and endeavors to conform to the general language used therein. The assigned property must be deemed to be under the control and subject to the direction of the court, and the assets may therefore be marshalled and distributed, so as to protect the rights of the partnership creditors.

4. The plaintiff also insists that under the rule in *May* v. *Walker*, 35 Minn. 194, (28 N. W. Rep. 252,) and *In re Allen*, 41 Minn. 430, (43 N. W. Rep. 382,) the assignment herein is a partial and not a general one, and that releases cannot be exacted as a condition of sharing in the assets unless the property of all the partners, individual as well as partnership, be surrendered and included in the assignment, and that in this instance the separate property of the deceased partner is not brought in. But we think this case is clearly distinguishable. The plaintiff, we think, overlooks the relation between the living partner and the heirs or representatives of the deceased partner, and the nature of the title and authority of a surviving partner. The heirs or personal representatives of a deceased partner have no control over or interest in the partnership affairs or property except to require an accounting. They have none of the rights or duties of partners, and no obligations save their liability in equity to the extent of property received from their ancestor in case of the insolvency of the partnership. To that extent they occupy the *quasi* relation of sureties in respect to the remedy of the partnership creditors against them. *Murray* v. *Fox*, 39 Hun, 108, and cases.

The property so received by them is not partnership property, and has ceased to be the property of a partner. It passes to the heirs or representatives, subject merely to the contingency mentioned. As before stated, the surviving partner is all there is left of the partnership. He has title to the property; may collect, settle, and compromise debts. He alone is suable, and is the real party in interest in respect to demands due to or owing by the firm, and is primarily liable for all its indebtedness; and his legal title to the assets is exclusive for the purposes of administration. *Daby* v. *Ericsson*, 45 N. Y. 789; *Shields* v. *Fuller*, 65 Am. Dec. 293, 295, and notes. And since the recent amendments to the insolvency law it can hardly be doubted that an insolvent surviving partner is fairly embraced within its provisions, and entitled to its benefits. A firm claiming to be insolvent, and proceeding under the insolvent act, all the members should join in the proceedings and surrender their property. But the surviving partner constitutes the partnership; and, if such partnership is insolvent, he is an insolvent, and may bring into court the assets, both partnership and individual. *In re Stevens*, 1 Sawy. 397. By Laws 1889, *c.* 30, § 1, it is provided that the release of any debtor under this act shall not operate to discharge any other party liable as surety, guarantor, or otherwise, for the same debt. Doubtless the voluntary discharge of the surviving partner by a partnership creditor would, of itself, operate to discharge the collateral liability of the personal representatives of the deceased partner. *Murray* v. *Fox*, *supra*. But such was not the effect of a discharge under the national bankrupt act, and the rule in insolvency proceedings here is settled by the provision above quoted. The discharge from the partnership debts is a discharge of the primary liability of the surviving partner, but does not operate to release the estate of the deceased partner from liability. *In re Stevens, supra*. We think, therefore, the assignment must be sustained.

The judgment is reversed, and the case will be remanded to the district court, with directions to discharge the garnishee.