No. 14,681.

## The First National Bank of Peru v. Parsons, Assignee.

PARTNERSHIP.—*Surviving Partner.*—*Execution of Chattel Mortgage to Secure Firm Debt.*—A surviving partner of an insolvent firm may make a valid chattel mortgage of the partnership property to secure a firm debt.

SAME.—*Section 6046, R. S. 1881.*—Sections 6046, *et seq.*, R. S. 1881, relating to the filing of inventories and appraisements by the surviving partner, do not forbid the making of such mortgage.

From the Miami Circuit Court.

*L. Walker, W. B. McClintic, H. J. Shirk* and *J. Mitchell*, for appellant.

*R. P. Effinger, R. J. Loveland* and *H. P. Loveland*, for appellee.

McBRIDE, J.—On and before October 8, 1887, Philip H. Curran and Philip Q. Curran were partners, engaged in business at Peru, each owning a half interest in the business. On that date Philip Q. Curran died, the firm being at that time indebted to various parties, and among others to the appellant. On the 22d day of October, 1887, the surviving partner executed a chattel mortgage to appellant on a stock of goods belonging to the partnership, to secure said debt due to appellant, the mortgage being duly recorded the same day. On the 25th day of October, 1887, said surviving partner made a general assignment of all the firm property for the benefit of its creditors, under section 2683, R. S. 1881, and the only question presented by the record is as to the power of the surviving partner to make a valid chattel mortgage of the partnership property. The controversy arises between the assignee and the holder of the mortgage. The court below held that the mortgage was invalid, upon the ground, the appellant informs us, that the statute relative to surviving partners gives no power to surviving partners to execute mortgages. Our only information upon this subject we derive from the brief of appellant, for the reason that the appellee has not favored us with a brief.

The question here involved was decided by this court in the case of *Hadley* v. *Milligan*, 100 Ind. 49. In that case the surviving partner of an insolvent partnership executed a chattel mortgage upon partnership assets to secure a firm liability, and as in this case, subsequently made an assignment of all the partnership property for the benefit of the partnership creditors. The holder of the mortgage brought suit to foreclose the mortgage, making the assignee, with others, defendants. The court below overruled a demurrer to the complaint. The court says: "The complaint is in the usual form upon the notes, and for the foreclosure of the mortgage, alleging the death of one of the partners, and the execution of the mortgage by the surviving partner. We think the complaint is sufficient."

That case was decided since the enactment of the present statute relative to surviving partners, and is precisely in point. It is in accordance with the great weight of authority, and we think it was decided correctly. *Egberts* v. *Woods*, 3 Paige, 516 ; *Loeschigk* v. *Hatfield*, 51 N. Y. 660 ; *Cushman* v. *Addison*, 52 N. Y. 628 ; *Williams* v. *Whedon*, 109 N. Y. 333 ; *Beste* v. *Burger*, 110 N. Y. 644 ; *Emerson* v. *Senter*, 118 U. S. 3 ; *Bohler* v. *Tappan*, 1 McCrary, 134 (1 Fed. R. 469).

The statute relative to surviving partners (sections 6046, *et seq.*, R. S. 1881) does nothing more than place certain restrictions upon the power of surviving partners, by requiring the filing of inventories, appraisements, lists of liabilities, etc., and by requiring the filing of a bond. The nature and extent of the interest in the partnership property which pass to him on the death of his partner are not changed or affected in any way by the statute, nor does the statute purport to direct or affect the manner in which he may dispose of and apply the firm assets. In this respect the surviving partner is left precisely where he was before the enactment of the statute.

The inventories, bond, etc., are required to insure that he will properly administer his trust and do the precise things which he was previously required to do.

Before the death of the partner the firm had the same power to secure and prefer creditors possessed by individual debtors. In the case of *Emerson* v. *Senter, supra*, it is held by the Supreme Court of the United States, that, in the absence of a statute forbidding it, a surviving partner has the same right, and our statute does not forbid it.

The circuit court erred in sustaining the demurrer to the complaint.

Judgment reversed, with instructions to the circuit court to proceed in accordance with this opinion.

Filed April 29, 1891.