### A. B. BARTON et al. vs. FRANK LOVEJOY et al.

Argued Jan. 16, 1894.   Affirmed Feb. 1, 1894.

No. 8546.

**Surviving partner's power to sell the real estate of the firm.**

Where, in case of the death of a partner, there is not enough personal property to pay the firm debts, then the surviving partner has the right to sell sufficient real property for such purpose; and if he does so in good faith, and for a valuable consideration, but without first obtaining an order from the court, such sale passes the equitable title of the premises to the purchaser, and the devisees or heirs can be compelled to convey the legal title.

Appeal by defendants, Frank Lovejoy, Lorin K. Lovejoy, Arthur Lovejoy and Mary E. Winston, from a judgment of the District Court

of Crow Wing County, *G. W. Holland*, J., entered September 9, 1893.

On January 29, 1886, Jeremiah J. Howe and the firm of Farnham & Lovejoy were partners at Brainard in lumber business under the firm name of J. J. Howe & Co. Howe owned one fourth and the firm of Farnham & Lovejoy owned three fourths interest in its assets. The firm of J. J. Howe & Co. owned four thousand one hundred acres of pine timber land situated in Cass, Itasca, and Aitkin counties, and a sawmill and lots in Brainard. The firm of Farnham & Lovejoy was in lumber business at Minneapolis and was composed of Sumner W. Farnham and James A. Lovejoy, each owning a half interest in the assets of that firm. The title to said real estate stood, two eighths in the name of Howe, three eighths in the name of Farnham, and the remaining three eighths in the name of Lovejoy. The firm of Farnham & Lovejoy was insolvent and so was each of the partners. The firm of J. J. Howe & Co. was largely indebted, but was solvent and so was Howe. On that day Lovejoy died testate and his will was duly proved in the Probate Court of Hennepin County and on March 8, 1886, letters testamentary were issued to Winthrop Young, Jeremiah J. Howe and O. C. Merriman, the executors named in the will. They accepted the trust. The will empowered them to sell the testator's real estate, and devised his property, real and personal, to his four children, the defendants above named in equal shares.

Farnham, the surviving partner of the firm of Farnham & Lovejoy, in settling the partnership affairs of that firm, sold to A. B. Barton and Jeremiah J. Howe its interest in the firm of J. J. Howe & Co. for $38,000 and used the proceeds to pay the partnership debts of Farnham & Lovejoy. With intent to transfer the property, he and wife and the said three executors on May 13, 1887, made deeds to them of all the interest of Farnham & Lovejoy in the above mentioned real estate. Doubts having arisen as to this title, the plaintiffs, A. B. Barton and Jeremiah J. Howe commenced this action under 1878 G. S. ch. 75, § 2, against the devisees and heirs of Lovejoy, to determine their adverse claims therein. They appeared and claimed under the will, three eighths undivided in all said real estate. The Court on June 19, 1893, made findings of fact and ordered judgment for plaintiffs, saying:

The sale was one which Farnham, as such surviving partner, had the right and authority to make. The same was fair and reasonable. No relation of trust or confidence between either Farnham or Howe, and the defendants was thereby violated. Defendants neither have nor had any interest in said property which can now entitle them to overturn or annul said sale and transfer. In any event their right to question or attack the sale has been lost by their long delay and by the effect of the settlement of the accounts of the executors in the Probate Court and their discharge. Plaintiffs are entitled to the judgment and decree of this court, that defendants have no right, title or interest in, or lien upon the lands so sold. The plaintiffs are the owners of the same as against the defendants and as against any one claiming under them.

Judgment was entered accordingly and the defendants appeal.

*Little & Nunn,* and *Hale & Morgan,* for appellants.

*Leon E. Lum,* and *Jackson & Atwater,* for respondents.

BUCK, J. The plaintiffs brought this action to determine the adverse claims of the defendants to certain vacant premises situated in the counties of Cass, Itasca, and Crow Wing, in this state. It is alleged in the complaint that plaintiffs are the owners in fee of such vacant premises, and they ask that the title be determined to be in them, and forever quieted, and that the defendants, and each of them, be enjoined and barred from asserting any claim whatever in or to said lands. The defendants Frank L. Lovejoy, Lorin K. Lovejoy, Arthur Lovejoy, and Mary E. Winston answered, and the other defendants were in default.

Mary E. Winston, in her separate answer, alleges that she is the owner of three thirty-seconds of said premises, and the other three defendants, in their answer, each claims to be the owner in fee of three thirty-seconds of the premises.

On and prior to January 29, 1886, the premises in question were part of the partnership property and assets of the firm of J. J. Howe & Co., but at said time the legal title to said land was held as follows: An undivided three-eighths by Sumner W. Farnham, an undivided three-eighths by James A. Lovejoy, and an undivided two-eighths by Jeremiah J. Howe, one of these plaintiffs. The firm of J. J. Howe & Co. then consisted of the partnership firms of Farnham

& Lovejoy, owning a six eighths interest in its property and business, and said J. J. Howe, who owned a two-eighths interest in its said property and business, and the firm of Farnham & Lovejoy consisted of those two persons, who each owned a half interest therein, both firms being engaged in the lumber business. Lovejoy died intestate January 29, 1886, and said J. J. Howe and O. C. Merriman and Winthrop Young were the executors of said will, which, by its terms, authorized said executors to close up and settle the said copartnership business of Farnham & Lovejoy, and to join with said Farnham in the execution of all contracts, deeds, and mortgages and other papers and instruments that might become necessary for the sale of the lands of said Farnham & Lovejoy, and for the doing of such other acts as might be by said executors deemed necessary and advisable in regard to the business of said partnership.

The will was duly probated, and by its terms made the defendants who have answered the devisees of said James A. Lovejoy. At the time of the death of said Lovejoy his estate and the firm of Farnham & Lovejoy were insolvent, and the firm of J. J. Howe & Co. was largely in debt. On the 11th day of May, 1887, the plaintiffs entered into a partnership under the firm name of J. J. Howe & Co., and about the 15th day of May, 1887, said Farnham, as surviving partner of said James A. Lovejoy, proceeded to settle up the business of said firm, and to this end he sold to plaintiffs all the interest of said Farnham & Lovejoy in said firm of J. J. Howe & Co. as it existed at the time of said Lovejoy's death, and prior to the date of said sale, for the sum of $38,000, and which sum was by said Farnham applied to the payment of the debts of said firm of Farnham & Lovejoy, and the premises so sold are a part of the copartnership property of J. J. Howe & Co., these plaintiffs. The executors of said Lovejoy, jointly with said Farnham and his wife, executed a deed to these plaintiffs, in form conveying to them the legal interest in said lands held by said Farnham & Lovejoy at the time of said Lovejoy's death. The court below found as a fact that such sale was made in good faith, for the best price obtainable, and for the best interest of said firm of Farnham & Lovejoy. The final account of the executors was duly settled in Probate Court,

and they made return to said court that no money or property had been received by them from the assets of the firm of Farnham & Lovejoy, as the same was insolvent. It does not appear that these defendants, or any of them, or any creditor, ever in Probate Court or elsewhere objected to the sale made by Farnham as surviving partner to plaintiffs, nor to the transfer of the property of Farnham & Lovejoy to plaintiffs. Upon these facts the court below found for the plaintiffs, and decreed that the defendants had no right or title as against the plaintiffs.

We are of the opinion that the decision of the lower court was correct, and should be affirmed. We shall not attempt to enter into a full discussion of all the various questions discussed by the respective counsel. It is elementary that where, in case of the death of a partner, there is not enough personal property to pay the firm debts, then the surviving partner has a right to sell the real estate of the firm to do so. If he sells the real estate of the firm for the purpose of paying the firm debts, without first obtaining an order from the court, and makes such sale in good faith and for a valuable consideration, then such sale passes the equitable title in the premises to the purchaser. In this case there does not appear to have been any bad faith on the part of the surviving partner, nor that he has squandered any of the proceeds of the sale, nor in any manner diverted the consideration received from the just payment of the partnership debts. The property seems to have been sold for its full value. The firm was hopelessly insolvent, and it was not only the right, but the duty, of the surviving partner to sell enough property to pay the debts. If he had not done this, the debts could have been collected by due process of law if there were sufficient assets, and the same property applied towards paying the firm debts. If the surviving partner sold the premises in good faith, and, as the court below found, for the best price obtainable, no injury could possibly have resulted to the defendants.

Although the surviving partner, Farnham, sold the premises without an order of the court, yet the heirs have no right to come in and defeat the equitable title which passed upon the sale. The devisees or heirs in such case can be compelled to convey the legal

title, or, as in this case, the court properly adjudged and decreed the title to the premises to be in the plaintiffs as against the defendants.

In the case of *Shanks* v. *Klein*, 104 U. S. 18, the law is stated thus: "Real estate purchased with partnership funds for partnership purposes, though the title be taken in the individual name of one or both partners, is, in equity, treated as personal property, so far as necessary to pay the debts of the partnership, and to adjust the equities of the copartners; and for this purpose, in case of the death of one of the partners, the survivor can sell the real estate so situated; and, though he cannot convey the legal title which passed to the heirs or devisee of the deceased partner, his sale invests the purchaser with the equitable ownership of the real estate, and the right to compel a conveyance of the title from the kin or devisee in a court of equity." See, also, *Hanson* v. *Metcalf*, 46 Minn. 25, (48 N. W. 441.)

The power and authority which the law confers upon a surviving partner appears to be quite full and extensive for the performance of all the business necessary to a complete settlement of the concern. As against heirs or devisees of the deceased partner, he has full control of the partnership property. In this case there does not, as we have said, appear to have been bad faith on the part of the surviving partner, and this statement is strongly confirmed by the fact that the three executors joined with him in the conveyance to the plaintiffs. The answer does not allege any fraud or bad faith on the part of the surviving partner or the executors. It was his duty to proceed without unnecessary delay to settle the partnership affairs in the best possible manner for all parties interested. As his powers were commensurate with his position, and there does not appear to have been any misconduct upon his part, the judgment of the court below is affirmed.

(Opinion published 57 N. W. Rep. 935.)