WOODWARD-HOLMES Co. *vs.* LAURA NUDD *et al.*

Argued July 6, 1894.   Reversed July 17, 1894.

No. 8737.

**Dower of a partner's wife in the partnership real estate.**

Partnership capital invested in land for the benefit of the company will be treated as personalty, and not subject to dower or inheritance, until it has performed all its functions to the partnership, and thereby ceases to be partnership capital.

**Dower attaches only after the partnership is terminated.**

The inchoate right of the wife of a partner in the real estate of her husband only attaches to such of the real estate as remains in specie, unconverted, after the partnership is terminated by judgment or agreement, and its affairs completely wound up and ended.

**Inchoate right of a partner's wife in land sold by decree of court to wind up the partnership.**

In an action by one partner against his copartner to dissolve the partnership and wind up its affairs, the partnership real estate was sold under the order of the court; the proceeds to be applied in payment of the firm debts, and the surplus, if any, divided between the partners according to their respective rights. *Held,* that the purchaser at the sale took the land free from any inchoate interest of the wives of the partners, and that it was immaterial that the land brought a price in excess of the amount necessary to pay the firm debts, or that it might not have been necessary to sell the whole of the property merely to pay the debts.

Appeal by plaintiff, the Woodward-Holmes Co., a manufacturing corporation, from a judgment of the District Court of Hennepin County, *Seagrave Smith,* J., entered February 21, 1894.

The defendant, William H. Nudd, and one Herbert A. Holmes were partners in business, and purchased lots three, five, six and seven in block forty three in Cummings & Broots Addition to St. Anthony Falls.   They paid for this real estate out of the capital of the copartnership, and took a warranty deed thereof in which they were named grantees. They constructed a factory upon the property, and carried on their partnership business there for nine years.   In January, 1893, William H. Nudd commenced an action against Holmes in the District Court of Hennepin County to dissolve the partnership, sell its property, pay its debts and divide the surplus.

Laura Nudd was his wife, but was not made a party to that action. Judgment was obtained, and the entire plant, including the real estate, was sold by a receiver to J. H. Tallmadge for $18,700. The sale was confirmed and a conveyance executed, and the purchaser put in possession. Out of the proceeds the costs and expenses of the action and the partnership debts were paid. The balance, $6,317.32, was divided between the two partners. Tallmadge afterwards sold and conveyed the real estate to the plaintiff, a corporation, and it brought this action against Laura Nudd and her husband, under 1878 G. S. ch. 75, § 2, as amended, to determine her adverse claim to an inchoate right to dower in the real estate. She answered that her husband was during her coverture seized in fee of an undivided half of this real estate, and that she had never joined in any conveyance thereof and was not a party to the action winding up the partnership affairs. She prayed judgment that she was entitled to an inchoate interest in an undivided half of the property. The court made findings of these facts, and concluded therefrom that she had such inchoate interest in an undivided half of so much of the partnership real estate as was not required to pay partnership debts and the expenses of winding up the partnership business, and that she was not bound by anything done in the former action. The court ordered judgment that she recover her costs and disbursements, and that her husband has no interest in the property. Judgment was so entered, and the plaintiff appeals.

*Hale, Morgan & Montgomery,* for appellant.

The fundamental error committed by the trial court consists in the assumption that a court of equity had no jurisdiction to decree a sale of the firm real estate beyond what was necessary in order to pay firm debts. In such cases real estate owned by a partnership purchased with partnership funds is, for the purpose of settling the debts of the partnership and of distributing its effects, treated in equity as partnership stock, and has all the incidents attaching to personal property. *Arnold* v. *Wainwright,* 6 Minn. 358; *Allen* v. *Withrow,* 110 U. S. 119; *Mauck* v. *Mauck,* 54 Ill. 281; *Barton* v. *Lovejoy,* 56 Minn. 380.

Assuming that in the winding up suit the court had jurisdiction of the parties, of which no question is made, it follows that the receiver

appointed took by virtue of his appointment the entire legal and equitable title to the property belonging to the firm of Nudd & Holmes. Beach, Receivers, § 584; High, Receivers, §§ 199, 538; *Iddings* v. *Bruen,* 4 Sandf. Ch. 223; *Godfrey* v. *White,* 43 Mich. 171.

The necessity and propriety of ordering sale of the partnership property in the winding up suit at the instance of Nudd was a matter addressed solely to the judgment of the court trying that issue, and the decree of sale and confirmation entered in that case cannot be attacked in this. The judicial records must be tried by inspection, and any attempt to overturn or overhaul them by evidence outside the record is a collateral attack. *Hersey* v. *Walsh,* 38 Minn. 521; *Hotchkiss* v. *Cutting,* 14 Minn. 537; *Gardner* v. *Maroney,* 95 Ill. 552; *Koontz* v. *Northern Bank,* 16 Wall. 196; *Brande* v. *Bond,* 63 Wis. 140.

The partnership real estate is in equity subjected to all the incidents of partnership property generally. It goes to pay debts of the partnership, and only after they are paid does it, or what is left of it, become the property of the partners or their representatives. *Brown* v. *Morrill,* 45 Minn. 483; *Hanson* v. *Metcalf,* 46 Minn. 25; *Barton* v. *Lovejoy,* 56 Minn. 380; *Walling* v. *Burgess,* 122 Ind. 299; *Grissom* v. *Moore,* 106 Ind. 296; *Deeter* v. *Sellers,* 102 Ind. 458; *Kruschke* v. *Stefan,* 83 Wis. 373.

*Young, Fish & Dickinson,* for respondents.

The fact that the grantees acquired the lots for the uses of the firm in its business did not transform them into personalty. Being in fact real estate, the legal title is in the grantees, and all the incidents of such estate follow. The wife's interest having thus vested, it cannot be destroyed except by her consent or by the decree of a competent court by which she is concluded. *Dayton* v. *Corser,* 51 Minn. 406; *Barron* v. *Mullin,* 21 Minn. 374.

The conversion of real estate into personalty is done for the purpose of adjusting the affairs of the partnership. The conversion should be made only when and so far as is required for that purpose. To go further and convert all the real estate into personalty, for the mere purpose of division, is an unnecessary invasion of the rights of the copartners. *Shearer* v. *Shearer,* 98 Mass. 107.

MITCHELL, J.   The effect of the findings of the trial court is that the real estate which is the subject of this action was formerly the property of a manufacturing copartnership composed of defendant's husband and one Holmes, having been purchased, paid for, and used by the firm as a site for its manufacturing plant, the title being taken in the individual names of the partners; that, **in an action** brought by one partner against his copartner to dissolve the partnership and wind up its affairs, the property was ordered sold as one parcel, the proceeds to be applied in payment of the firm debts, and the surplus, if any, divided between the partners according to their respective rights; that at such sale it was sold to plaintiff's grantor for an amount somewhat in excess of the sum required to pay the debts of the firm; that this surplus was distributed between the partners, no part of it being paid to defendant Laura Nudd; that she was not a party to the action, and has never joined in any conveyance of the property.

She, as wife of William H. Nudd, one of the partners, claimed an inchoate interest in an undivided half of the premises, and this action was brought to determine this adverse claim.

It is well known that the English doctrine was that partnership real estate is considered as personal property for all purposes.   The doctrine of the American courts on the subject is more restricted. Some of the earlier decisions in New York and Massachusetts went almost to the length of entirely subverting the equity doctrine prevalent in England; but, as remarked by Chancellor Kent, the other American decisions are not inconsistent with the more correct and improved view of the English law.   It is now held with practical unanimity by the American courts that, if partnership capital be invested in land for the benefit of the company, all the incidents attach to it which belong to any other stock, so far as consistent with the statute of frauds and the technical rules of conveyancing, and that it will be treated as personal estate until it has performed all its functions to the partnership, and thereby ceases to be any longer partnership property, and until then it is not subject to either dower or inheritance, but that, after all the purposes of the partnership have been thus accomplished, whatever land remains in specie will be regarded as real estate.   The question is, at what precise moment is it reconverted into real estate, or, to speak more accurately, does

it resume all the attributes and incidents of real property? We think the answer is, the moment the partnership is terminated and wound up by judgment or agreement, and it is determined that it no longer forms a part of the partnership stock, and is not required for its purposes. When a partnership is dissolved, and its affairs wound up and completely ended, and any land remains in specie, unconverted, this must be deemed a determination that it is no longer a part of the copartnership stock, and an election to hold it thereafter, individually, as real estate.

During the continuance of the partnership the partners can convey or mortgage it, in the course of their business, whatever they see fit, without their wives joining in the conveyance or mortgage, and the wives would have no dower or other interest in it. This is one of the very objects of treating partnership real estate as personal property; for otherwise the business of the firm might be stopped, and the partners unable to realize on the assets of the firm, by reason of the wife of one of them refusing to join in the conveyance or mortgage.

They have the same power of disposition over it for the purposes of a dissolution of the partnership, the payment of its debts, and the distribution or division of the captial among themselves; for until that is done the property has not fulfilled its functions as personalty, or ceased to be partnership property. And what the partners may thus do voluntarily the court may do for them, in an action brought to dissolve the partnership and wind up its affairs. As the defendant Laura Nudd was not a party to the former action, she is, of course, not estopped by it, nor is it evidence against her of anything except of the fact of its own rendition. But the material fact remains that in the process of the dissolution of the firm, and the winding up of its affairs, in an action for that purpose, the land was sold and converted into money, and the money distributed among the creditors and partners according to law. Upon these facts, under the rules already announced, the land in the hands of the purchaser is not subject to any inchoate interest of the wives of the partners.

The error which lies at the foundation of the whole argument of defendants' counsel is in the assumption that, at the time of the purchase of this property, it became the individual real estate of the husband, and that the inchoate right of the wife under the statute im-

mediately attached, subject only to a lien for the payment of partnership debts. This is not correct, and none of the authorities that we have found so hold. The fact is that only so much of it becomes the individual real estate of the partner as remains in specie, unconverted, after all the purposes of the partnership have been entirely fulfilled, and it is only to such of it that any inchoate interest of the wife ever attaches.

If counsel's contention is correct the partners could never, even during the active life of the copartnership, convey perfect title to partnership land without their wives joining, except to the extent actually necessary to pay existing debts of the firm. This would practically involve, in every case where one of the wives refused to join in a conveyance, the necessity of a suit to which she is made a party, in order to determine whether the sale was necessary to pay debts. Any such rule would hamper the business of the firm to an extent that might practically defeat the purposes of the partnership.

The court below seems to have laid special stress upon the fact that it was not made to appear on the trial that it was necessary to have sold all this property to pay the debts of the firm, but this is immaterial, either under the view of the law which we have taken, or under that urged by counsel. In fact, we understood counsel to frankly concede this on the argument. Upon the facts found, judgment ought to have been ordered in favor of the plaintiff, adjudging that defendant has no interest, inchoate or otherwise, in the land.

Cause remanded, with directions to the court below to render judgment accordingly.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 1010.)
v.58 m.—16