Filed Jan. 10, 1895.

———————◆———————

## No. 17,115.

## HAVENS AND GEDDES COMPANY *v.* HARRIS, SURVIVING PARTNER.

PARTNERSHIP.—*Preference of Creditors by Surviving Partner.—Conveyance in Trust.*—A surviving partner may prefer firm creditors, in the absence of a statute forbidding it, and may transfer the firm assets to a third person in trust for the benefit of such preferred creditors.

SAME.—*Surviving Partner.—Preference of Creditors.—Petition for Receiver, When Insufficient.*—Where a surviving partner has made a preference of partnership creditors, and has conveyed the partnership assets in trust for such creditors, a petition for the appointment of a receiver for such assets, which discloses such a state of facts, is insufficient on demurrer; for if a receiver were appointed,

there would be nothing to receive, and such appointment would be an objectless and useless ceremony.

From the Howard Circuit Court.

*H. C. Hanna, W. P. Breen, J. Morris* and *G. A. Scott,* for appellant.

*M. Bell, W. C. Purdum, J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellee.

McCabe, J.—This was a petition filed in the circuit court by appellant as a creditor of the late firm of H. C. Harris & Son against the appellee as the surviving partner, asking the appointment of a receiver under sections 8123 to 8127, Burns R. S. 1894, R. S. 1881, sections 6047 to 6051, inclusive.

The petition was filed on June 24, 1893. A demurrer to the petition for want of sufficient facts was sustained and appellee had judgment upon the demurrer.

The substance of the petition is that the appellant, a corporation, was a creditor of the late firm, and that the indebtedness thereof to appellant was due and unpaid; that said late firm was composed of appellee and one H. C. Harris, his father, who died on February 17, 1893, leaving appellee his surviving partner; that on the 19th day of April, 1893, sixty days had elapsed since the death of H. C. Harris, but the said James C. Harris, the surviving partner, has not filed in the office of the clerk of the circuit court of the county the inventory and appraisement required by statute; that ten days have elapsed since the expiration of said sixty days and said surviving partner has failed to file the list of liabilities and creditors, and the bond as such surviving partner required by the statute; the said surviving partner, instead of taking charge of the property of said firm and settling its affairs according to law, has turned all the assets of said firm over to another person in trust

for a part only of the creditors of said firm not including appellant, and without its consent in any way.

Prayer for the appointment of a receiver. Section 8123, of the statute above referred to, requires the surviving partner or partners within sixty days after the death of a partner, to file an inventory and appraisement of the partnership estate of the late firm with the clerk of the court having probate jurisdiction.

Section 8125 requires that the surviving partner or partners "upon the filing of the inventory, and appraisement * * shall execute a bond, payable to the State * * in a sum double the amount of the interest of said decedent * * * conditioned for the faithful performance of his or their trust," with approved sureties. "If such surviving partner or partners shall fail to file such bond within ten days after the filing of such inventory and appraisement, the judge of the court having probate jurisdiction shall appoint a receiver to take charge of the assets of such firm, who shall proceed to settle the same as though a voluntary assignment of the assets of said firm had been made for the benefit of creditors."

The next section provides that: "If such surviving partner or partners shall fail to file such inventory, and appraisement, and list of liabilities, and bond, as in this act provided, or shall fail or refuse to take upon him or themselves the settlement of the business of such firm, the judge of the court having probate jurisdiction, upon petition filed by any one interested in the settlement of such partnership, shall appoint a receiver to settle the affairs of such partnership, who shall proceed to settle the same * * as heretofore provided in this act."

There can be no doubt that this statute authorizes the appointment of a receiver on a petition filed therefor by any one interested in the settlement of such partnership where the surviving partner has failed to do the things

pointed out and required of him therein if there is any estate left to settle. Neither is there any doubt that the appellant is shown in the petition to have such an interest in the settlement of the partnership as entitled it to file and prosecute the petition for the appointment of such receiver. The only question is, does the petition not show that there was no estate to settle?

The appellee contends that the petition shows that the partnership assets had all been disposed of by the surviving partner in a valid and binding manner before the filing of the petition. If that is true, the filing of a bond by the surviving partner would be an idle and useless ceremony; so would the filing of an inventory and appraisement; indeed no such document could be filed, for there would be nothing to inventory and nothing to appraise, consequently there would be no foundation for the appointment of a receiver, both for want of assets of the partnership to administer and for want of any neglect on the part of the surviving partner to do the things required of him by the statute. As to the assets of the late firm, the petition charges that "the said surviving partner, instead of taking charge of the property of said firm and settling its affairs according to law, has turned all of the assets of said firm over to another person in trust for a part only of the creditors, not including appellant." To turn over property by the owner to another person in trust for the creditors of such owner, is to part with the title and control of such property. The question arises, had the surviving partner the power to part with the control and title to the partnership assets? A surviving partner may execute a mortgage on the partnership property to secure his firm's liability without complying with the statute above cited. *Hadley* v. *Milligan*, 100 Ind. 49.

In *State* v. *Matthews*, 129 Ind. 281 (283–4), it is said

by this court "that our statute, relating to the settlement of partnerships by the surviving partner, does not change or affect his interest in, or right of, possession of the partnership assets, but that he is the legal owner of the assets ( *Wilson* v. *Nicholson*, 61 Ind. 241 ), and may make a voluntary assignment of the partnership assets, or prefer one firm creditor over others by the execution of chattel mortgages." *First Nat'l Bank* v. *Parsons*, 128 Ind. 147; *Hadley* v. *Milligan, supra.*

In *First Nat'l Bank* v. *Parsons, supra,* it was held that a chattel mortgage executed by the surviving partner on the partnership's property was good against a general assignment, under the statute, of all such property for the benefit of all the creditors of the firm afterwards made by the surviving partner though he had not complied with the statute above cited.

On page 149 the court said: "The statute relative to surviving partners ( sections 6046 *et seq.*, R. S. 1881) does nothing more than place certain restrictions upon the power of surviving partners, by requiring the filing of inventories, appraisements, lists of liabilities, etc., and by requiring the filing of a bond. The nature and extent of the interest in the partnership property which pass to him on the death of his partner are not changed or affected in any way by the statute, nor does the statute purport to direct or affect the manner in which he may dispose of and apply the firm assets. In this respect the surviving partner is left precisely where he was before the enactment of the statute. The inventories, bonds, etc., are required to insure that he will properly administer his trust and do the precise things which he was previously required to do. Before the death of the partner the firm had the same power, to secure and prefer creditors, possessed by individual debtors.

"In the case of *Emerson* v. *Senter*, 118 U. S. 3, it is

held by the Supreme Court of the United States, that, in the absence of a statute forbidding it, a surviving partner has the same right, and our statute does not forbid it." See also *Harseim* v. *Booth*, 134 Ind. 281.

If a surviving partner can mortgage the partnership property to secure preferred creditors of the firm, no good reason is perceived why he may not transfer the same in trust to a third person for the benefit of such preferred creditors. In effect, that is what the petition states that the surviving partner had done before the filing of the same. Had the petition stated that the surviving partner had sold the partnership property to get money to pay firm debts, and that such money had been paid to certain preferred creditors of the firm, no one for a moment could doubt or question the validity or binding force of such a disposition of the partnership property on all concerned, especially in the absence of fraud and collusion. The fact that some creditors were preferred, would not constitute fraud or vitiate the transaction. Such, in effect, is the disposition the petition shows to have been made of the partnership property. In such a case, of what avail would be the appointment of a receiver by the court? There would be nothing to receive and nothing to administer, and his appointment would be an objectless, useless and idle ceremony.

The circuit court did not err in sustaining the demurrer to the petition.

The judgment is therefore affirmed.

Filed Nov. 26, 1894; petition for a rehearing overruled Jan. 18, 1895.