No. 17,331.

THE COURTLAND FORGING COMPANY v. THE FIRST
NATIONAL BANK OF FORT WAYNE ET AL.

PARTNERSHIP.—*Surviving Partner.—Preferring Creditors.—Mortgage.—*
A surviving partner, before qualifying to administer on the firm
assets, and before inventorying the same, may prefer any of the
firm creditors by executing to them mortgages on the partnership
property.

SAME.—*Preferring Creditors.—Trust.* — Such surviving partner may
also convey partnership property in trust for preferred creditors of
the partnership.  See *Havens and Geddes Co.* v. *Harris*, 140 Ind.
387.

From the Allen Circuit Court.

*C. H. Hanna, W. P. Breen* and *J.|Morris, Jr.,* for appellant.

*J. Morris, R. C. Bell, J. M. Barrett* and *S. L. Morris,*
for appellees.

McCABE, J.—The appellant, as a creditor of the late
firm of Cooms & Co., sued the appellees, all of whom are
other creditors of said firm except Frederick A. Newton,
who is sole surviving partner of said firm, and one
Samuel L. Morris, to set aside chattel mortgages and
transfers executed by such surviving partner to the other
appellees to secure the debts owing by said firm to said
appellees, and to recover judgment for appellant's debt
against such surviving partner.

The issues formed upon the complaint were tried by
the court without a jury, resulting in a finding for the
appellant as against the appellee Newton in the sum of
$1,161.91, the amount of appellant's claim against said
firm, and in favor of the other appellees, upon which the
court rendered judgment over appellant's motion for a
new trial.

The ruling denying that motion is assigned for error, and that is the only question presented here by the record.

It appears, from the complaint, that the copartners composing the late firm of Cooms & Co. were John M. Cooms, who died in April, 1893, and appellee Frederick Newton; that they were engaged in the wholesale of heavy hardware; that after the death of Cooms, and on the 12th day of April, 1893, said Newton, as surviving partner, without qualifying as surviving partner, by filing an inventory of the assets of said firm or giving any bond for the faithful discharge of his duties, executed a first chattel mortgage on all the assets of the firm, except the good-will notes, accounts and bills receivable thereof, to the other appellees, except Samuel L. Morris, trustee, etc., and, on the 14th day of April, 1893, executed a second mortgage, subject to said first mortgage, on the same property, to the same parties, and on the same day transferred to said Samuel L. Morris, as trustee for a portion of said second mortgagees, the notes, accounts and bills receivable of said firm; that said mortgages and transfer secured debts of said firm to the amount of $20,000, and said debts are largely in excess of the value of all the assets of said firm so mortgaged and transferred, and the same will all be exhausted in the payment of the said debts; that the late firm of Cooms & Co. was, at the time of the death of said Cooms, and always had been, hopelessly insolvent, and at that time had no property subject to execution except said assets, and each of the members of said firm was likewise hopelessly insolvent at said time; that on April 14, 1893, said Newton delivered the property of said firm so mortgaged by him to the mortgagees in said first mortgage, who on said day immediately on coming into possession thereof, began their suit in the Superior Court of Allen

county against said mortgagees in said second mortgage and said Newton for the foreclosure of said first mortgage, and at the same time made application for the appointment of a receiver to take charge of said property, showing that said property was in the possession of said first mortgagees; that thereupon the court appointed a receiver, who took possession of said property and business, after which he sold the same, on July —, 1893, and said defendants have received the full proceeds of the sale of said property. And that said Samuel L. Morris, trustee as aforesaid, will, unless restrained by the order of the court, dispose of the property assigned to him by said Newton as aforesaid.

Prayer that said mortgages and transfer to said Morris be declared void, set aside, and canceled, and the defendants to whom and for whose benefit said mortgages and transfer were made be enjoined from receiving or accepting from said receiver the proceeds derived from the sale of any of the property of said firm of Cooms & Co., and that said Samuel L. be restrained and enjoined from disposing of any of the proceeds of said firm in his hands acquired as herein stated and other relief.

It is conceded that the evidence, in addition to establishing the appellant's debt against said firm also established the foregoing facts. As already stated, the court found for the appellant as to its claim against said firm, but against it as to the relief sought against the mortgages and transfer by the surviving partner.

The assault made upon the validity of these mortgages and transfer is made on the same ground that a similar assault was made upon a mortgage or transfer executed by a surviving partner in *Havens & Geddes Co.* v. *Harris*, 140 Ind. 387.

It was contended there, as here, that the mortgage or transfer was void because the surviving partner making

it had not filed in the office of the clerk of the circuit court of the county an inventory and appraisement of the property of the late firm, a list of liabilities and creditors of said firm, and a bond as such surviving partner as required by the provisions of sections 8123–8127, Burns R. S. 1894 (R. S. 1881, sections 6047–6051), inclusive.

It was held by this court in the case referred to on the authority of the cases there cited that the failure of the surviving partner to comply with the provisions of those sections of the statute did not invalidate a mortgage or transfer, and that a mortgage or other transfer of the assets of the late firm made by a surviving partner under like circumstances to secure or pay *bona fide* debts of the firm was valid.

That case is decisive of this, and that seems to be conceded by appellant's counsel. But they contend that the cases on which that case is founded ought to be overruled, which, of course, would carry it down also.

We have carefully read and considered their exhaustive and able briefs, and are of opinion we ought to adhere to those cases.

The circuit court did not err in overruling the motion for a new trial.

Judgment affirmed.

Filed June 11, 1895.