NETTIE F. RIFFEL, Respondent, v. OZARK LAND & LUMBER COMPANY, Appellant.

### St. Louis Court of Appeals, October 17, 1899.

1. Title to Real Estate: PARTNERSHIP: CONVEYANCE OF LAND.   A partnership can not, as such in its firm name become the grantee of the legal title to real property.

2. ———: ———: ———: TITLE IN TRUST FOR COPARTNERSHIP. If a conveyance of land is made to a partnership, it may take effect as a transfer of the legal title to one or more, or all of the members of the firm in trust for the copartnership, provided the names of one or more or all of the members of the firm are inserted, either specifically or by description, as grantee or grantees in the instrument.

3. ———: ———: ———: GRANTEE MUST BE MADE CERTAIN IN A DEED. If none of the individual names of the copartnership appear in the deed, it must fail to carry the legal title to the land, for want of a grantee capable of taking.

Appeal from Oregon Circuit Court.—*Hon. William N. Evans*, Judge.

REVERSED AND REMANDED.

*Botsford, Deatherage & Young, L. T. Munsel* and *W. J. Orr* for appellants.

(1) Said deed dated June 2, 1881, made by John A. Rice and wife to an unincorporated association of persons known by the name of Ames Iron Works of Oswego county, New York, as the grantee in said deed, is void. Tiedeman on Real Property, sec. 798; Arthur v. Weston, 22 Mo. 378; Douthett v. Stinson, 63 Mo. 275: Jackson v. Corey, 8 Johnson, 385; Hornbeck v. Westbrook, 9 Johnson, 73; Harriman v. Southern, 16 Ind. 190. (2) The recital in the said deed from Leonard Ames and wife to N. F. Riffel, the plaintiff, that the grantors therein composed the association of the Ames Iron Works of Oswego county, New York, is not evidence as against this appellant of the facts recited that said grantors composed said association of the Ames Iron Works, but is mere hearsay as against this appellant, the Ozark Land & Lumber Company, who was not a party to that deed and does not claim under that deed, is not in privity with it, but claims by title paramount thereto. 2 Whart. on Evid. [2 Ed.], sec. 1041; Hill v. Draper, 10 Barb. 462; Pemrose v. Griffith,

4 Binn. 231; Hardinberg v. Lakin, 47 N. Y. 111; Lamar v. Turner, 48 Ga. 329,

*A. H. Livingston* for respondent.

(1) A deed made to a partnership in the firm name, without naming as grantees, the individual partners, vests in the members of the firm the power to convey. Pingrey on Real Prop., sec. 726; Dunlap v. Green, 60 Fed. Rep. 242. (2) It would be valid even to a voluntary association, but all the members, as well as all the members of a partnership, must individually convey. When land was not regarded as partnership property it was held by some ancient authorities that a deed made to a partnership in the firm name was insufficient to convey the legal title, but this rule is not now the law. Such deeds were always good in equity. Dembitz Land Title, sec. 47, commencing on page 335, and authorities there cited; Orr v. Bow, 55 Mo. 328; Wood v. Ins. Co., 52 Am. St. Rep. 733. (3) Under the facts of this case we think that the recitals in the deed are sufficient to show who composed the partnership of Ames Iron Works. Questions somewhat similar were so determined in Reinhard v. Mining Co., 107 Mo. 616; Broadwell v. Merritt, 87 Mo. 95.

BOND, J.—This cause was transferred by this court to the supreme court, and by that court re-transferred to this one. The record shows that the plaintiff claimed to be the owner in fee and in the constructive possession of a tract of land in Oregon county, Missouri, and sued the defendant for cutting and carrying away timber therefrom, and recovered a judgment for the alleged trespass in the sum of $650, from which defendant appealed to this court.

In order to entitle plaintiff to recover upon the basis of the constructive possession alleged in her petition, it was indispensable that she should have adduced evidence of legal title in her to the land from which the timber was taken by de-

fendant. Hampton v. Massey, 53 Mo. App. 501. To prove such ownership the plaintiff gave evidence of certain mesne conveyances connecting her title with that of persons admitted by defendant to be the common source of title to the land. One of these intermediate conveyances was a deed from J. A. Rice and wife dated second of June, 1881, which purported to convey in fee to a grantee termed in the instrument "Ames Iron Works of Oswego county, New York, parties of the second part." Another was a deed dated twelfth of July, 1883, from Leonard Ames and other persons, all of whom the instrument recited composed the partnership known as "Ames Iron Works of Oswego county, New York." This latter conveyance purported to transfer to plaintiff the title to the land in fee. Defendant interposed objections to the reception of these conveyances as muniments of legal title and preserved its exception to the ruling of the court admitting them in evidence.

A partnership can not, as such and in its firm name, become the grantee of the legal title to real property. If a conveyance of land is made to a partnership it may take effect as a transfer of the legal title to one or more or all of the members of the firm in trust for the copartnership, provided the names of one or more or all of the members of the firm are inserted, either specifically or by description, as grantee or grantees in the instrument. If none of the individual names of the copartnership appear in the deed, either by mention or description, it must fail to carry the legal title to the land for want of a grantee capable of taking. 1 Delvin on Deeds, sec. 51; Tidd v. Rines, 26 Minn. 201; 1 Delvin on Deeds, secs. 184, 186, 190, 193 and 208; Beoman v. Whitney, 20 Me. 413; Arthur v. Weston, 22 Mo. 378; Hamilton v. Pitcher 53 Mo. 334; Doughitt v. Stinson, 63 Mo. 268; Reinhard v. The Va. Lead Mining Company, 107 Mo. 616. In the case at bar if the name "Ames" represented a co-owner and partner in a firm known as the "Ames Iron Works, of

Oswego county, New York," and if it could be held that such designation was sufficient to lay ground for extrinsic evidence showing what person was intended thereby (20 Me. 413, cited in 22 Mo. 378, *supra*; Murray, Ferris & Co. v. Blackledge, 71 N. C. 492), and that he took the legal title in trust for the copartnership (85 Mo. 398; 115 Mo. 222; 117 Mo. 118), still there was no competent evidence in the record tending to establish the identity of the "Ames" mentioned in the deed, for the recital in the subsequent deed executed by Ames and others that they composed the partnership known as the "Ames Iron Works," was mere hearsay and inadmissible against defendant who does not claim under that instrument. It follows that under the facts adduced on this trial the court erred in receiving the foregoing deeds in evidence over defendant's objections. The judgment for plaintiff is therefore reversed and the cause remanded. All concur.