## THE GARDNER HOTEL COMPANY, a Corporation, Appellant, v. MARIAH HAGAMAN, Hattie Hagaman, et al., Respondents.

(182 N. W. 685.)

**Partnership — realty purchased with partnership funds and for partnership purposes treated in equity as "personalty."**

1. Real estate purchased with partnership funds and for partnership purposes in equity is treated as personalty, and is subject to disposition for partnership purposes.

**Partnership — in conveyance to partners legal title remains in grantees in trust for partnership purposes.**

2. In a conveyance to partners, the legal title remains in the grantees named in the deed, who hold the same as trustees for partnership purposes.

**Partnership — on decease of partner holding legal title in partnership real estate, title passes to heirs, and surviving partner succeeds to partnership property in trust for liquidation.**

3. Upon the decease of a partner holding a legal title in partnership real estate, his legal title passes to his heirs. The surviving partner succeeds to the partnership property in trust for purposes of liquidation, and is authorized to make a contract for the sale of, and to sell, the partnership real estate for purposes of liquidation.

**Partnership — deed by surviving partner for purposes of liquidation under trust passes full equitable title to grantee; transfer of bare legal title from minor heir of deceased father may be compelled.**

4. A deed of partnership real estate made by the surviving partner for purposes of liquidation pursuant to the trust passes the full equitable title to the grantee, and the district court has jurisdiction to compel the transfer of the bare legal title to such grantee from a minor heir of the deceased partner.

NOTE.—The general doctrine as drawn from the cases, with regard to the ownership of real estate by a partnership, is that where real estate is purchased with partnership funds, for partnership purposes, and is appropriated to partnership uses, or taken and treated as partnership property, equity regards it as partnership property no matter in whose name the legal title is taken; and it is regarded as personal estate so far as it is required for the payment of the debts and liabilities of the partnership, as will be found by an examination of the cases collated in notes in 27 L.R.A. 449, and 37 L.R.A. (N.S.) 889, as to when real estate will be considered partnership property.

On rights of partners in partnership real property, see note in 48 Am. St. Rep. 62.

On right of partners to convey partnership real property, see note in 26 L. ed. U. S. 635.

**Partnership — requirement of inventory and bond by surviving partner held not to affect interest of survivor, and are not conditions precedent to his rights.**

5. The provisions of § 8711, Comp. Laws 1913, which require the making of an inventory and the filing of a bond by the surviving partner in the county court does not affect the nature and extent of the interest possessed by the surviving partner or partnership property, and are not conditions precedent for the exercise of such right by the surviving partner.

Opinion filed April 4, 1921.

Questions of law certified in an action to determine adverse claims in District Court, Cass County, *Cole,* J.

Determination of trial court modified and affirmed.

*Spalding & Shure,* for appellant.

Without the furnishing of the inventory of the partnership property and the giving of the bond required by § 8711, the surviving partner is disqualified to sell and convey the partnership realty. McFadden Case, 40 N. D. 415; Tillinghast v. Champlin, 4 R. I. 173, 67 Am. Dec. 510 and other authorities.

Partnership realty is converted into personalty only for the purpose and to the extent necessary to liquidate partnership affairs, that the ultimate right to the surplus of the proceeds is in the heirs, and that this leaves the legal title to real property in the heirs. Tillinghast v. Champlin, supra, is a leading authority on the subject and treats it exhaustively. Woodword-Holmes Co. v. Rudd (Minn.) 27 L.R.A. 340 and notes 348; Barton v. Lovejoy, 56 Minn. 360, 45 Am. St. Rep. 482; Hanson v. Metcalf, 46 Minn. 25, 40 N. W. 441.

*Fowler & Green,* for respondents.

The provisions of § 8711, Comp. Laws, are for the protection of beneficiaries, and are intended to see that the surviving partner performs his trust, but are not limitations upon his power to sell or convey. Havens & Co. v. Harris (Ind.) 39 N. E. 49; Courtland v. Bank (Ind.) 40 N. E. 1070; Bank v. Peru (Ind.) 27 N. E. 486.

The entire fee-simple title vested in the surviving partner. Comp. Laws 1913, §§ 5261, 6389, 6394, 6425; Woodward v. Nudd, 27 L.R.A. 340, and editorial notes to that case, 59 N. W. 1010.

ROBINSON, Ch. J. This is a suit to quiet title to certain property

adjacent to the Gardner Hotel in Fargo, North Dakota. It was the partnership property of C. A. Bowers and J. H. Bowers. In 1917 the latter died leaving a widow, Catherine, and daughter, Helen, ten years old. The surviving partner contracted to sell the property to the Gardner Hotel Company, and on receipt of $40,000 made to the hotel company a conveyance whereby for himself, individually and as surviving partner, he conveyed the property to the Gardner Hotel Company. Catherine Bowers joined in the deed. The surviving partner did not make to the administrator of the deceased an inventory of the partnership property, with a bond, as provided by statute. Comp. Laws, § 8771. The court gave judgment sustaining the deed as a valid conveyance and quieting title under the deed. And to remove all doubts on the matter the case has been duly certified to this court pursuant to the statute.

The question is on the power of the surviving partner to sell and convey the partnership property regardless of any inventory or bond, and on the jurisdiction of the court to quiet title. Doubtless the heirs of the deceased might have obtained an order from the probate court requiring the filing of an inventory and bond, but the surviving partner is so amply responsible and so far above suspicion that the filing of a bond and inventory would be an idle act. It would have made expense for no purpose. And such filing is not made a condition precedent to the power to sell and convey the partnership property of the vesting of title in the surviving partner.

By statute, "on the death of a partner the surviving partners succeed to all the partnership property, whether real or personal, in trust for the purpose of liquidation, even though the deceased was appointed by agreement sole liquidator; and the interest of the deceased in the ultimate distribution of the partnership assets passes to those who succeed to his other personal property." Comp. Laws, § 6425. The term "other personal property" indicates that the partnership assets are classed as personal property. The statute contemplates no procedure in probate. It vests in the surviving partner the title to all partnership property in trust for the purpose of liquidation,—for the purpose of selling the property, paying the debts, winding up and closing the affairs of the partnership. When that is done the interest of the deceased in the distribution of the partnership assets passes to

the heirs the same as "other personal property." On the plain words of the statute it is entirely clear that the surviving partner had full power to sell and convey the property in question. His deed gives a good title to his own and to the partnership estate. There is no good reason for reviewing the numerous authorities cited by counsel.

Objection is made to the jurisdiction of the court on the ground that this is a probate matter, in which the Constitution gives to the county court exclusive original jurisdiction. Constitution, § 111. The answer is that the liquidation of a partnership estate is not a probate matter. County courts have no jurisdiction of actions to quiet title, and in such actions the district courts have original jurisdiction. The district court, with few exceptions, has original jurisdiction of all cases, both at law and in equity. Const. § 103. In the district court actions to quiet title and determine adverse claims to real estate are a common and every-day occurrence. By statute any person having an estate or interest in land may maintain an action to quiet his title against any person claiming an adverse estate or interest. Comp. Laws, § 8441.

"To quiet title to real property or to remove an existing cloud and to prevent a threatened cloud is an ancient and well-established head of equity cognizance."

"The broad grounds on which equity intervenes to remove a cloud on title are the prevention of litigation, the protection of the true title and possession, and because it is the real interest of both parties and promotive of right and justice that the precise state of the title should be known if all are acting bona fide." 32 Cyc. 1305, 1306.

Accordingly this court does hold and determine:

(1) That the district court has power to quiet title in the plaintiff as to any possible estate Helen Bowers may have in such real estate.

(2) That the deed made by the surviving partner of Bowers Brothers and the widow of J. H. Bowers conveyed the entire legal and equitable title to the property.

BRONSON, J. (concurring). The certification in this case is, in effect, a certification of the entire record for purposes of reviewing the two determinative legal questions involved. The facts are not disputed. The trial court has made its findings and order for judgment

quieting title in the plaintiff. The two ultimate legal questions involved are:

First: Did the deed of the surviving partner convey upon this record a good title to the plaintiff?

Second: Did the court have jurisdiction in an action to determine adverse claims over the title of the minor heir of the deceased partner?

I am of the opinion that these questions are to be answered in the affirmative, and that the order of the trial court directing title to be quieted in the plaintiff is correct. It is fundamental that, upon the conveyance of real estate purchased with partnership funds and for partnership purposes, such real estate, in equity, is treated as personalty, and is subject, so treated, to disposition for partnership purposes. Betts v. Letcher, 1 S. D. 182, 46 N. W. 193; Brady v. Kreuger, 8 S. D. 464, 59 Am. St. Rep. 771, 66 N. W. 1083; 30 Cyc. 430. In such case it·is immaterial whether the title be taken in the name of all of the partners, one of the partners, or even in the name of a person who is not a partner. Notes in 37 L.R.A.(N.S.) 892, and 27 L.R.A. 463; Johnson v. Hogan, 158 Mich. 655, 37 L.R.A.(N.S.) 889, 123 N. W. 891; Hardin v. Hardin, 26 S. D. 601, 129 N. W. 112; Devlin, Deeds, 3d ed. §§ 208, 209. The status of the realty in any event remains the same for partnership purposes. Owing to the distinction, however, that exists concerning the application of principles of law to realty and personalty, the legal title in such partnership real estate resides and remains in the grantee or grantees named in the deed. Note in 27 L.R.A. 462; Spaulding Mfg. Co. v. Godbold, 92 Ark. 63, 29 L.R.A.(N.S.) 282, 135 Am. St. Rep. 168, 121 S. W. 1063, 19 Ann. Cas. 947; Tidd v. Rines, 26 Minn. 201, 2 N. W. 497; Gille v. Hunt, 35 Minn. 357, 29 N. W. 2; note in 48 Am. St. Rep. 65; Riffel v. Ozark Land & Lumber Co. 81 Mo. App. 177. In such case the grantee in such deed holds such legal title as a trustee for partnership purposes. In law a partnership has no status as a person, the title to real estate therefore must rest in some person who holds the same as trustee for the partnership purposes. 30 Cyc. 430. In the instant case the legal title to the realty involved was in C. A. Bowers and J. H. Bowers. Upon the decease of the latter, his legal title devolved upon his widow, Catherine, and his minor child, Helen. This real estate was bought with partnership funds and for partner-

ship purposes. In equity, it was partnership real estate; it was personalty for purposes of the partnership. Upon the decease of one of the partners, the surviving partner succeeded to the partnership property, including this real estate, in trust for purposes of liquidation. Comp. Laws 1913, § 6425. As such trustee, the surviving partner had the same power for purposes of liquidation as the partners would have had as a partnership. The surviving partner accordingly was authorized as such trustee to make a contract for the sale of the real estate, and to sell it for purposes of liquidation. Comp. Laws 1913, § 6423, note in Ann. Cas. 1912D, 1222; Frost v. Wolf, 77 Tex. 455, 19 Am. St. Rep. 761, 14 S. W. 440; Hanson v. Metcalf, 46 Minn. 25, 48 N. W. 441; Burchinell v. Koon, 8 Colo. App. 463, 46 Pac. 932. In this case, for purposes of liquidation, it does appear that the surviving partner did enter into a contract to sell this real estate, and did sell and convey the same, the widow of the deceased partner joining in the conveyance to the plaintiff. This deed clearly conveyed the legal title of the surviving partners and of the widow of the deceased partner. It clearly conveyed the full equitable title in such real estate for the reason that the record discloses that such conveyance was made for purposes of liquidation, pursuant to a holding of such real estate for partnership purposes. The decease of the one partner, however, did not operate to transfer the legal title from the deceased partner to the surviving partner. For instance, if, upon the decease of the partner named, there had existed no partnership debts and no reasons for liquidation of this partnership real estate, such real estate, being freed of its partnership status, would have been held by the surviving partner with the heirs of the deceased partner, as tenants in common. In such case manifestly a conveyance of such real estate by surviving partner would have served to have conveyed no title other than that possessed by himself. In the instant case the minor heir of the deceased partner held merely the legal title of the real estate in trust for partnership purposes. Note in Ann. Cas. 1912D, 1213; Woodward-Holmes Co. v. Nudd, 58 Minn. 236, 27 L.R.A. 340, 49 Am. St. Rep. 503, 59 N. W. 1010. Upon conveyance made by the surviving partner, for purposes of liquidation, pursuant to his trust, the grantee received full equitable title, and was entitled to receive and have the full legal title.

Section 8711, Comp. Laws 1913, requires the surviving partner to make an inventory of the partnership property, and to give a good and sufficient bond, approved by the county court to the personal representative of the deceased. Section 8717, Comp. Laws 1913, provides that the interest of the deceased in an unsettled partnership must be included in the inventory, and appraised upon the statement rendered by the surviving partner like other property. Sec. 8711, Comp. Laws 1913, was enacted in its present form in 1897, chap. 111, § 23. Prior to that time the surviving partner was not required by statute to give such bond. Section 6425, Comp. Laws 1913, has existed as the law since territorial days. See § 1442, Civ. Code 1877. This statute (§ 6425) specifically grants the right of disposition of partnership property for partnership purposes. The statutes, §§ 8711 and 8717, quoted do not pretend, by their terms, to affect the nature and extent of the interest possessed by the surviving partner in partnership property. Such statutes, by their terms, do not prescribe conditions precedent for the exercise of the right of a surviving partner to execute his trust powers. Courtland Forging Co. v. First Nat. Bank, 141 Ind. 518, 40 N. E. 1070; Havens & G. Co. v. Harris, 140 Ind. 387, 39 N. E. 49; First Nat. Bank v. Parsons, 128 Ind. 147, 27 N. E. 486; McIntosh v. Zaring, 150 Ind. 301, 49 N. E. 164; Silver v. Eakins, 55 Mont. 210, 175 Pac. 876; Caughan v. Brown, 76 Miss. 496, 25 So. 155. Such statutes differ from certain statutes in other states requiring such bond to be given, and, upon failure, for administration of a partnership estate by the probate court. See Cook v. Lewis, 36 Me. 340; Shattuck v. Chandler, 40 Kan. 516, 10 Am. St. Rep. 227, 20 Pac. 225; State ex rel. Richardson v. Withrow, 141 Mo. 69, 41 S. W. 980. Accordingly the deed of the surviving partner was not made void through the failure to make and file the inventory and bond required.

Section 8768, Comp. Laws 1913, providing for the sale of a partnership interest, belonging to any estate, through probate court proceedings, refers necessarily to the interest of the estate in the ultimate distribution of the partnership assets pursuant to § 6425, Comp. Laws 1913. It manifestly has no reference to the sale of a specific partnership interest in specific partnership real estate or personalty. See Brown v. Farnham, 55 Minn. 27, 35, 56 N. W. 352.

The district court had jurisdiction to order the transfer of this

bare legal title from the minor heir to the owner and holder of the full beneficial and equitable title. Bates, Partn. § 294. Upon this record the estate of the deceased partner had no interest in this real estate, its sole interest being in the ultimate distribution of the partnership assets. Comp. Laws 1913, § 6425. Determination of the party who was the holder of this bare legal title and of her rights and duties as such holder were within the jurisdiction of the district court. Barton v. Lovejoy, 56 Minn. 380, 45 Am. St. Rep. 482, 57 N. W. 935; Shanks v. Klein, 104 U. S. 18, 26 L. ed. 635; Tillinghast v. Champlin, 4 R. I. 173, 67 Am. Dec. 510.

The foregoing determinations dispose of the questions certified, and the cause is remanded for further proceedings, consonant with this opinion, without costs to either party.

BIRDZELL, J., concurs.

CHRISTIANSON, J. (concurring): There is no room for argument as to the status of partnership property; or as to the duty and authority of the surviving partner with respect thereto. Our statute provides: "On the death of a partner the surviving partners succeed to all the partnership property, whether real or personal, in trust for the purposes of liquidation, even though the deceased was appointed by agreement sole liquidator; and the interest of the deceased in the ultimate distribution of the partnership assets passes to those who succeed to his other personal property." Comp. Laws 1913, § 6425. The rule announced by this statute is merely a statutory declaration of the common law, see Re Auerbach, 23 Utah, 529, 65 Pac. 490; Shanks v. Klein, 104 U. S. 18, 26 L. ed. 635; 20 R. C. L. p. 993 et seq. The real question in controversy here is whether the surviving partner has any authority to dispose of the partnership property until he has qualified by making an inventory and giving a bond as prescribed by § 8711, Comp. Laws 1913, which section reads: "In case of the death of one partner, the surviving partner or partners must make a full, true, and complete inventory of the property of the copartnership, with a list of all the liabilities thereof at the time of the death of the deceased partner, and deliver the same to the executor or administrator of such deceased partner, or to the county court, and must give a good and sufficient bond to such executor or administrator to be approved by the county court. Such surviving partner or part-

ners have the right to continue in possession of the effects of the partnership, pay its debts out of the same, and settle its business; but must proceed thereto without delay, and account with the executor or administrator, and pay over such balance as may from time to time be payable to him in the right of the decedent. Upon the application of the administrator or executor, the county court may, whenever it appears necessary after citation, order such surviving partner to deliver an inventory or render an account, and may enforce the order as in other cases."

I have found this question one of some difficulty. But a careful consideration thereof has led me to the conclusion that the making of the inventory and the giving of the bond is not a condition precedent to the exercise by the surviving partner of those powers which the law requires him to exercise with respect to the partnership property. The surviving partner is not appointed by any court to take charge of or exercise control over the partnership property. He is appointed for that purpose by operation of law. The appointment becomes effective immediately upon the death of the other partner. It will take some time before either an executor or an administrator can be appointed. Until such appointment is made there is no way in which the surviving partner can either furnish an inventory or give a bond to the executor or administrator; yet there can be no question but that in the meantime the surviving partner is charged with the duty to carry out the trust which the law has placed upon him with respect to the partnership property. It will be noted that our laws make no provision for the appointment of some one else to take charge of the partnership property in event the surviving partner fails to give a bond or make an inventory; nor does it provide that in event of such failure or refusal the executor or administrator may take charge of such property. The statute provides "that the surviving partners succeed to all the partnership property, whether real or personal, in trust for the purposes of liquidation." Comp. Laws 1913, § 6425. The duty of making proper disposition of the property and applying the proceeds to the proper uses in liquidation of the partnership affairs rests upon the surviving partner, and not upon the executor or administrator. Of course the condition of the partnership affairs is of importance—it might be of vital importance—to those who are en-

titled to share in the distribution of the dead partner's estate. And in order that the estate may be intelligently administered, it is highly desirable that the administrator or executor be informed of the assets and liabilities of the partnership. "The interest of the decedent in an unsettled partnership must be included in the inventory and appraised upon the statement rendered by the surviving partner or otherwise, like other property." Comp. Laws 1913, § 8717. If the surviving partner fails to deliver an inventory or render an account, the county court may order him to do so, upon the application of the administrator or executor; and such order may be enforced as in other cases. Section 8711, supra. The surviving partner is, also, required to give a bond to the executor or administrator. This bond is for the protection of those entitled to share in and receive the interest of the deceased (after all partnership debts and obligations have been discharged), in the ultimate distribution of the partnership assets. It would seem that the power vested in the county court to require the surviving partner to do what § 8711, supra, says he should do, implies, rather than denies, that the surviving partner has authority to perform the duties which the law imposes upon him with respect to such property, even though he has not made the inventory or furnished the bond required by that section. It seems, also, that the power vested in the administrator or executor to apply for an order to compel, and the power on the part of the county court to require, the surviving partner to do the acts which this section requires him to do, furnishes adequate protection against any misconduct on the part of the surviving partner. And inasmuch as the surviving partner sells and conveys only the equitable title, a court of equity would not compel the heirs of the deceased partner to convey the legal title where it would be unjust or inequitable to do so,—as, for instance, where the sale was made for an inadequate consideration or was in other ways unfair. 20 R. C. L. 995.

GRACE, J. (dissenting). I dissent from the result arrived at, in the majority opinion.